AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT

for the

District of Nebraska

In the Matter of the Search of

DEVICE WHICH IS CURRENTLY LOCATED AT THE DEA OMAHA OFFICE, 2707 N 108th STREET, OMAHA, NEBRASKA
WHITE/GOLD APPLE IPHONE, MODEL A1524, IMEI: 355389070754443.

Case No.   8:17MJ240a

FILED
US DISTRICT COURT
DISTRICT OF NEBRASKA

JUN 2 9 2017

OFFICE OF THE CLERK

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

DEVICE WHICH IS CURRENTLY LOCATED AT THE DEA OMAHA OFFICE, 2707 N 108th STREET, OMAHA, NEBRASKA:
WHITE/GOLD APPLE IPHONE, MODEL A1524, IMEI: 355389070754443. See Attachment A.

located in the                District of        Nebraska        , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 USC 841, 846 | Distribution, PWID and Conspiracy to distribute controlled substances |
| 18 USC 1956 | Money Laundering |

The application is based on these facts:

See attached Affidavit

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

SA Travis Ocken, DEA

*Printed name and title*

Sworn to before me and signed in my presence.

Date: 6·29·17

City and state:  Omaha, Nebraska

*Judge's signature*

Susan M. Bazis, United States Magistrate Judge

*Printed name and title*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF THE SEARCH OF
THE FOLLOWING DEVICES WHICH ARE
ALL CURRENTLY LOCATED AT THE
DEA OMAHA OFFICE, 2707 N 108th
STREET, OMAHA, NEBRASKA:

WHITE/GOLD APPLE IPHONE, MODEL
A1524, IMEI: 355389070754443;

WHITE/GOLD APPLE IPHONE, MODEL
A1524, IMEI: 355379071228380;

Case No. 8:17MJ240(a-d)

BLACK SAMSUNG CELLULAR
TELEPHONE, MODEL SM-B311V,
MEID: A0000048EE511E ;

WHITE/PINK APPLE IPHONE, MODEL
A1687, SERIAL NUMBER UNKNOWN;

BLACK SAMSUNG CELLULAR
TELEPHONE, MODEL SM-B311V, MEID:
A000004753CA8C.

## AFFIDAVIT IN SUPPORT OF AN
## APPLICATION UNDER RULE 41 FOR A
## WARRANT TO SEARCH AND SEIZE

I, Special Agent Travis Ocken, being first duly sworn, hereby depose and state as

follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal

Rules of Criminal Procedure for a search warrant authorizing the examination of property—

electronic devices—which are currently in law enforcement possession, and the extraction from

that property of electronically stored information described in Attachment B.

2.      I am a Special Agent with the Drug Enforcement Administration (DEA) and have been so employed since August 2009. I am currently assigned to the Omaha District Office, charged with investigating drug trafficking and money laundering violation under Titles 18 and 21 of the United States Code. I have received 16 weeks of specialized training in Quantico, Virginia, pertaining to drug trafficking, money laundering, undercover operations and electronic and physical surveillance procedures. I have been involved in numerous investigations dealing with the possession, manufacture, distribution, and importation of controlled substances.

3.      Before becoming a Special Agent with the DEA, your Affiant was employed by the City of Lincoln, Nebraska, Police Department for approximately five years.

4.      This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## IDENTIFICATION OF THE DEVICES TO BE EXAMINED

5.      This affidavit is submitted in support of search warrants for the following devices which are in the custody of the DEA at the Omaha District Office, in Omaha, Nebraska:

> a.  White/Gold Apple iPhone, Model A1524, IMEI: 355389070754443, hereinafter referred to as Device 1;
>
> b.  White/Gold Apple iPhone, Model A1524, IMEI: IMEI: 355379071228380, hereinafter referred to as Device 2;
>
> c.  Black   Samsung   Cellular   Telephone,   Model   SM-B311V,   MEID: A0000048EE511E, hereinafter referred to as Device 3;
>
> d.  White/Pink Apple iPhone, Model A1687, Serial Number Unknown, hereinafter referred to as Device 4;

e. Black Samsung Cellular Telephone, Model SM-B311V, MEID: A000004753CA8C, hereinafter referred to as Device 5.

6. The applied-for warrant would authorize the forensic examination of the Devices for the purpose of identifying electronically stored data particularly described in Attachment B.

## PROBABLE CAUSE

7. In August 2015, the Drug Enforcement Administration (DEA), and the Federal Bureau of Investigation (FBI) initiated a joint investigation into the drug trafficking activities of the Quintin MUNOZ Drug Trafficking Organization (DTO). As a result of this investigation, agents identified Quintin MUNOZ-Duran, Raul VAZQUEZ, Alejandra ALVAREZ-ROMERO, Erwin MUNOZ, Lessly MUNOZ and Norma BOECK as being involved in a multi-pound methamphetamine DTO. During the course of this investigation, agents initiated six judicial Title III intercepts, over cellular telephones used by ALVAREZ-Romero, VAZQUEZ, and MUNOZ-Duran. These Title III intercepts were conducted from October 2015 through May 2016.

8. As a result of the aforementioned Title III intercepts, agents intercepted communications between MUNOZ-Duran, ALVAREZ-Romero, VAZQUEZ, Lessly MUNOZ, Erwin MUNOZ and Norma BOECK, discussing the acquisition and distribution of methamphetamine, and the distribution of drug proceeds back to MUNOZ-Duran in Mexico. Through these intercepted communications, agents learned that MUNOZ-Duran was facilitating the supply of methamphetamine to ALVAREZ-Romero, VAZQUEZ, Lessly MUNOZ and Erwin MUNOZ, who were ultimately distributing this methamphetamine in the Omaha, Nebraska area. MUNOZ-Duran was identified as the father of Erwin and Lessly MUNOZ. Additionally, BOECK was identified as the mother of Erwin MUNOZ, Lessly MUNOZ and ALVAREZ-

Romero. BOECK was found to have significant knowledge regarding her children's drug trafficking activities and assisted in the distribution of drug proceeds.

9. On June 20, 2016, a Federal Grand Jury seated in the District of Nebraska indicted ALVAREZ-Romero, VAZQUEZ and Erwin MUNOZ for Conspiracy to Distribute Methamphetamine. Subsequently, on June 20, 2016, arrest warrants were issued for the aforementioned individuals.

10. As a result of the information learned through this investigation, in conjunction with the aforementioned arrest warrants, agents applied for Federal Search Warrants for the residences of ALVAREZ-Romero, identified as 5702 South 13th Street, Apartment #3, Omaha, Nebraska and the residence of Erwin MUNOZ, Lessly MUNOZ and Norma BOECK, identified as 4426 B Street, Omaha, Nebraska. Subsequently, United States Magistrate Judge Thomas D. Thalken signed the aforementioned search warrants, authorizing agents to search for controlled substances, electronic devices to include cellular telephones and other items of evidentiary value.

11. On June 23, 2016, agents and officers executed the aforementioned arrest and search warrants. Erwin MUNOZ, Lessly MUNOZ, Norma BOECK and several other individuals were located inside 4426 B Street, Omaha, Nebraska. Erwin MUNOZ was located in the basement of the residence and he was arrested pursuant to the arrest warrant. Agents located Device 3 in a cabinet beside the bed where Erwin MUNOZ resided in the basement. Agents located Device 2 in a search of BOECK's bedroom, identified as the northeast bedroom of the residence. Agents recovered approximately 103.4 grams of methamphetamine during a search of Lessly Munoz's bedroom, identified as the upstairs southwest bedroom. Lessly MUNOZ was

subsequently arrested and was transported to the DEA office where she was interviewed. During a search of Lessly MUNOZ's person, agents located Device 1.

12.    On this same date, officers executed a search warrant at ALVAREZ-Romero's residence, 5702 South 13th Street, Apartment #3, Omaha, Nebraska, where ALVAREZ-Romero was located with several juveniles. Agents arrested ALVAREZ-Romero pursuant to the aforementioned warrant, and located Device 4 during a search of her person. Device 5 was located on the coffee table in the living room. ALVAREZ-Romero denied ownership of Device 5; however, one of the juveniles inside the residence identified Device 5 as belonging to ALVAREZ-Romero.

13.    All of the aforementioned Devices are currently in the lawful possession of the DEA Omaha District Office. While the DEA might already have all necessary authority to examine the Devices, I seek this additional warrant out of an abundance of caution to be certain that an examination of the Devices will comply with the Fourth Amendment and other applicable laws.

14.    The Devices are currently in storage in the DEA Non-Drug Evidence Vault, located at 2707 North 108th Street, Omaha, Nebraska. In my training and experience, I know that the Devices have been stored in a manner in which their contents are, to the extent material to this investigation, in substantially the same state as they were when the Devices first came into the possession of the DEA.

## TECHNICAL TERMS

15.    Based on my training and experience, I use the following technical terms to convey the following meanings:

a. Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

b. Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images.

This storage media can contain any digital data, including data unrelated to photographs or videos.

c. Portable media player: A portable media player (or "MP3 Player" or iPod) is a handheld digital storage device designed primarily to store and play audio, video, or photographic files. However, a portable media player can also store other digital data. Some portable media players can use removable storage media. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can also store any digital data. Depending on the model, a portable media player may have the ability to store very large amounts of electronic data and may offer additional features such as a calendar, contact list, clock, or games.

d. GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected

to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

e. PDA: A personal digital assistant, or PDA, is a handheld electronic device used for storing data (such as names, addresses, appointments or notes) and utilizing computer programs. Some PDAs also function as wireless communication devices and are used to access the Internet and send and receive e-mail. PDAs usually include a memory card or other removable storage media for storing data and a keyboard and/or touch screen for entering data. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can store any digital data. Most PDAs run computer software, giving them many of the same capabilities as personal computers. For example, PDA users can work with word-processing documents, spreadsheets, and presentations. PDAs may also include global positioning system ("GPS") technology for determining the location of the device.

f. Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

16.    Based on my training and experience I am aware that the Devices requested to be searched have the capabilities that allow them to serve as wireless telephones and some of the Devices also have the capabilities to include but not limited to, digital camera, portable media

player, GPS navigation device and PDA. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device and messages sent to and from co-conspirators.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

17. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

18. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Devices were used, the purpose of their use, who used them, and when. There is probable cause to believe that this forensic electronic evidence might be on the Devices because:

- a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

- b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

- c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw

conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d. The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

19. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the Devices consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

20. *Manner of execution.* Because this warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve

the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

21.    I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Devices described in Attachment A to seek the items described in Attachment B.

22.    Based upon my experience and training, I know that drug traffickers commonly possess and use digital devices such as cellular telephones in connection with their drug trafficking activities. These devices typically store relevant information concerning their drug activities and drug associates including addresses and telephone numbers, text messages, multi-media messages, the times and dates of incoming and outgoing calls and messages, and electronic files such as photographs, and videos. Furthermore, I know that drug traffickers commonly use multiple cellular devices, to conduct their drug trafficking activities, in an effort the thwart the efforts of law enforcement. I am further aware, that drug traffickers often retain previously used cellular devices, in order to reuse these devices at a later date and/or retrieve stored telephone numbers or contact information of other co-conspirators.

23.    I know from my training and experience that members of Drug Trafficking Organizations (DTO) commonly communicate with cellular telephones, to include text messaging and multi-media messaging. I also know that members of DTO's commonly store phone numbers for their drug suppliers, co-conspirators and customers in their cell phones. The numbers stored in the target telephones and phone logs could have significance to ongoing narcotics investigations, as well as possible connections to potential targets in this case.

24. In addition, I know from my training and experience that because drug dealing is a very mobile business, it is necessary for persons involved in the drug business to use electronic communication devices such as cellular telephones so that they can conduct their drug business at virtually any time without unnecessary delay. I know that these devices are capable of storing information such as phone numbers and/or coded messages which may lead to the identity of codefendants, coconspirators, and/or sources of supply. Cellular telephones, in addition to being communication devices, are also storage devices for data. Data electronically stored inside cellular telephones include telephone numbers of associates, logs of the date and time that individual calls were made, voice and electronic messages from associates and photographs or videos of the primary user, associates, and co-conspirators. The data inside cellular telephones is evidence of drug trafficking, demonstrates true ownership and control of the telephones, which are often registered to another person, and can be effectively used to corroborate the statements of witnesses.

25. In addition, based on my training and experience, drug traffickers often have photographs or videos in cellular phones, of themselves, their coconspirators and property/assets purchased with drug proceeds. These photographs and videos often contain evidence of drug trafficking and evidence of the use of cash proceeds to make purchases of various assets, such as vehicles or jewelry. Further, these photographs and videos are useful to identify sources of supply, customers, associates, and co-conspirators of the primary user of the telephone as well as vehicles used or owned, places of operation or storage, and other evidence of drug trafficking activities.

26. Based on the foregoing, there is probable cause to believe the data and information electronically stored within the Devices such as but not limited to details of past

telephone contacts and records of calls made and received, text messages, multi-media messages, voice mails, internet browser history, types, amounts and prices of drugs trafficked, as well as dates, places and amounts of specific transactions, any information related to the sources of drugs (including names, addresses, phone numbers, or any other identifying information), any information related to schedule or travel, including geographic location information, photographs, videos, and audio files, and evidence of user attribution such as logs, phonebooks, and saved usernames and passwords, contain evidence of the commission of the above-listed violations, evidence concerning the fruits of the above described criminal activities, and/or evidence concerning the means of committing a violation of the above-listed statutes. Accordingly, I request authority to allow technicians to search the Devices for evidence such as that described above.

Respectfully submitted,

Travis B. Ocken
Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me
on June 29, 2017:

SUSAN M. BAZIS
UNITED STATES MAGISTRATE JUDGE

## **ATTACHMENT A**

1.      This affidavit is submitted in support of search warrants for the following device which is in the custody of the DEA at the Omaha District Office, in Omaha, Nebraska:

> a.  White/Gold Apple iPhone, Model A1524, IMEI: 355389070754443, hereinafter referred to as Device 1;

2.      This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## **ATTACHMENT B**

1. All records on the Device described in Attachment A that relate to violations under Title 21, United States Code, §§ 841 and 846 (Distribution and possession with intent to distribute controlled substances, and conspiracy to distribute and possess with intent to distribute controlled substances), and Title 18, United States Code, § 1956 (Laundering of monetary instruments) and information pertaining to the user of the Device:

      a. Visual depictions of sent and/or received files (including but not limited to still images, videos, films or other recordings) or other computer graphic files;

      b. Electronic copies of log files, to include but not limited to: emails, instant messaging, audio, still images, video recordings, chat logs, social media data, and digital cloud data stored on or about computer hardware. Computer hardware, that is, all equipment which can collect, analyze, create, display, convert, store, conceal, or transmit electronic, magnetic, optical, or similar computer impulses or data. Any and all hardware/mechanisms used for the receipt or storage of the same;

      c. Electronic data contained in cellular phone, including any names, co-conspirators, associates, phone numbers, addresses, contact information, data, text, messages, images, voice memos, voice mail, GPS or specific location information, maps and directions, calendar, photographs, videos, internet sites, internet access, documents, emails and email accounts, social media accounts, cloud storage accounts, or other information, ledgers, contained in the cellular phone internal, external or removable memory or memories, which includes any smart cards, SIM cards or flash cards;

d.  Any and all computer passwords and other data security devices designed to restrict access to or hide computer software, documentation, or data. Data security devices may consist of hardware, software, or other programming code;

e.  Documents, records, emails, and internet history (in electronic form) whether transmitted or received;

f.  Records, documents, invoices, notes and materials that pertain to accounts with any Internet Service Provider, including but not limited to social media accounts, cloud storage accounts, and email accounts, as well as any and all records relating to the ownership or use of the computer hardware, digital device and/or digital media account;

g.  Digital documents and records regarding the ownership and/or possession of the searched premises;

h.  During the course of the search, photographs of the searched items may also be taken to record the condition thereof and/or the location of items therein.



AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

District of Nebraska

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )    Case No.    8:17MJ240a
DEVICE WHICH IS CURRENTLY LOCATED AT THE DEA OMAHA )
OFFICE, 2707 N 108th STREET, OMAHA, NEBRASKA; )
WHITE/GOLD APPLE IPHONE, MODEL A1524, IMEI: 355389070754443. )

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search
of the following person or property located in the                              District of              Nebraska
*(identify the person or describe the property to be searched and give its location)*:

DEVICE WHICH IS CURRENTLY LOCATED AT THE DEA OMAHA OFFICE, 2707 N 108th STREET,
OMAHA, NEBRASKA;
WHITE/GOLD APPLE IPHONE, MODEL A1524, IMEI: 355389070754443.
See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property
described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before          July 13, 2017          *(not to exceed 14 days)*
❏ in the daytime 6:00 a.m. to 10:00 p.m.     ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the
person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the
property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory
as required by law and promptly return this warrant and inventory to     Susan M. Bazis, United States Magistrate Judge     .
*(United States Magistrate Judge)*

❏ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C.
§ 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose
property, will be searched or seized *(check the appropriate box)*

❏ for _____ days *(not to exceed 30)*   ❏ until, the facts justifying, the later specific date of _____ .

Date and time issued:   6-29-17 at 3:02p.m.
                                                                    *Judge's signature*

City and state:        Omaha, Nebraska                    Susan M. Bazis, United States Magistrate Judge
                                                                    *Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.:<br>8:17MJ240a | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |

Inventory of the property taken and name of any person(s) seized:

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

1.      This affidavit is submitted in support of search warrants for the following device which is in the custody of the DEA at the Omaha District Office, in Omaha, Nebraska:

     a. White/Gold Apple iPhone, Model A1524, IMEI: 355389070754443, hereinafter referred to as Device 1;

2.      This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## **ATTACHMENT B**

1.  All records on the Device described in Attachment A that relate to violations under Title 21, United States Code, §§ 841 and 846 (Distribution and possession with intent to distribute controlled substances, and conspiracy to distribute and possess with intent to distribute controlled substances), and Title 18, United States Code, § 1956 (Laundering of monetary instruments) and information pertaining to the user of the Device:

> a.  Visual depictions of sent and/or received files (including but not limited to still images, videos, films or other recordings) or other computer graphic files;

> b.  Electronic copies of log files, to include but not limited to: emails, instant messaging, audio, still images, video recordings, chat logs, social media data, and digital cloud data stored on or about computer hardware. Computer hardware, that is, all equipment which can collect, analyze, create, display, convert, store, conceal, or transmit electronic, magnetic, optical, or similar computer impulses or data. Any and all hardware/mechanisms used for the receipt or storage of the same;

> c.  Electronic data contained in cellular phone, including any names, co-conspirators, associates, phone numbers, addresses, contact information, data, text, messages, images, voice memos, voice mail, GPS or specific location information, maps and directions, calendar, photographs, videos, internet sites, internet access, documents, emails and email accounts, social media accounts, cloud storage accounts, or other information, ledgers, contained in the cellular phone internal, external or removable memory or memories, which includes any smart cards, SIM cards or flash cards;

d. Any and all computer passwords and other data security devices designed to restrict access to or hide computer software, documentation, or data. Data security devices may consist of hardware, software, or other programming code;

e. Documents, records, emails, and internet history (in electronic form) whether transmitted or received;

f. Records, documents, invoices, notes and materials that pertain to accounts with any Internet Service Provider, including but not limited to social media accounts, cloud storage accounts, and email accounts, as well as any and all records relating to the ownership or use of the computer hardware, digital device and/or digital media account;

g. Digital documents and records regarding the ownership and/or possession of the searched premises;

h. During the course of the search, photographs of the searched items may also be taken to record the condition thereof and/or the location of items therein.